IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS ARMANDO ALONZO CORTES, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-26-588 |
| VERNON LIGGINS, et al., | * | |
| Respondents. | * | |
| | * | |

\*\*\*

**<u>ORDER</u>**

The Court is in receipt of the Parties' Joint Notice filed February 17, 2026 (ECF No. 9). The Parties advise that the factual and legal issues in this case are related to some of those in <u>Cardona y Cardona v. Noem</u>, No. ABA-25-2262, <u>Lopez Lopez v. Noem</u>, No. BAH-26-008, <u>Bautista Villanueva v. Bondi</u>, No. ABA-25-4152, 2026 WL 100595 (D.Md. Jan. 14, 2026), and <u>Villanueva Funes v. Noem</u>, No. TDC-25-3860, 2026 WL 92860 (D.Md. Jan. 13, 2026). (Joint Notice at 1, ECF No. 9).[1] In <u>Lopez Lopez</u>, <u>Bautista Villanueva</u>, and <u>Villanueva Funes</u>, the habeas petitions concerned whether a noncitizen charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) is subject to mandatory detention without bond under 8 U.S.C. § 1225(b) or discretionary detention with the possibility of bond under 8 U.S.C. § 1226(a). Pet. Writ Habeas Corpus ¶¶ 48–53, <u>Lopez Lopez v. Noem</u>, No. BAH-26-008 (D.Md. Jan. 2, 2026) (ECF No. 1); <u>Bautista Villanueva</u>, 2026 WL 100595, at \*1;

---

[1] Unless otherwise noted, citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Villanueva Funes, 2026 WL 92860, at *1, 4. In Cardona y Cardona, the petitioners raised Fourth Amendment claims, arguing that Immigration and Customs Enforcement detained them unlawfully. Pet. Writ Habeas Corpus at 3–4, Cardona y Cardona, No. ABA-25-2262 (D.Md. July 13, 2025) (ECF No. 1).

Respondents Vernon Liggins, Matthew Elliston, Pamela Bondi, and Kristi Noem ask to incorporate their briefings in Cardona Cardona and Lopez Lopez—specifically that Petitioner Luis Armando Alonzo Cortes is free to seek a bond hearing under 8 U.S.C. § 1226(a) and that his claims are barred on jurisdictional grounds—in lieu of further briefing. (Joint Notice at 2 nn. 2–3); see also Mot. Dismiss at 11–12, Lopez Lopez, No. BAH-26-008 (D.Md. Jan. 14, 2026) (ECF No. 9-1); Mot. Dismiss at 3–9 Cardona y Cardona, No. ABA-25-2262 (D.Md. July 17, 2025) (ECF No. 9-1).

The Court finds that the facts and legal issues of this case are similar to those presented in Lopez Lopez, Cardona y Cardona, Bautista Villanueva, and Villanueva Funes except as to those related to alleged violations of Alternatives to Detention agreements, which Respondents do not raise or incorporate here. (Joint Notice at 1–2 n.1). As in several other cases, the Court also finds that the facts of this case and the issue regarding detention under § 1225(b) or § 1226(a) are not materially different from those presented in Velasquez v. Noem, No. GLR-25-3215, 2025 WL 3003684 (D.Md. Oct. 27, 2025), and Leal-Hernandez v. Noem, No. JRR-25-2428, 2025 WL 2430025 (D.Md. Aug. 24, 2025). See, e.g., Jan. 15, 2026 Order at 1–2, Jeronimo Xitumul v. Bondi, No. GLR-26-87 (Jan. 15, 2026) (ECF No. 7); Jan. 30, 2026 Order at 1–2, Bonilla Bustillo v. Noem, No. GLR-26-

299 (Jan. 30, 2026) (ECF No. 7). The Court, therefore, will not require further briefing from the Parties.

The Court incorporates by reference the analyses in Velasquez, Villanueva Funes, and Leal-Hernandez and based on the reasonings therein, will grant Alonzo Cortes's Petition for Writ of Habeas Corpus as to his claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Pet. Writ Habeas Corpus ¶¶ 45–47, ECF No. 1); see Velasquez, 2025 WL 3003684, at *4–7; Villanueva Funes, 2026 WL 92860, at *4 (citing Maldonado v. Baker, No. TDC-25-3084, 2025 WL 2968042, at *8–10 (D.Md. Oct. 21, 2025)); Leal-Hernandez, 2025 WL 2430025, at *8–10. The Court declines to reach the merits of Alonzo Cortes's remaining claims under the Accardi doctrine and the Fifth and Eighth Amendments. (Pet. Writ Habeas Corpus ¶¶ 48–71).

Accordingly, it is this 17th day of February, 2026, by the United States District Court for the District of Maryland, hereby:

ORDERED that Alonzo Cortes's Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED in that:

1. Respondents are ENJOINED from detaining Alonzo Cortes under 8 U.S.C. § 1225(b), and Alonzo Cortes is entitled to, and shall seek, a bond hearing before an Immigration Judge ("IJ") under 8 U.S.C. § 1226(a).

2. The bond hearing shall occur within ten (10) days of the date that Alonzo Cortes files a request for such hearing; the bond hearing need not take place in Maryland.

3. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and Respondents shall PROVIDE Alonzo Cortes with any other process due to him under these provisions.

4. If Alonzo Cortes is granted bond and released, he may be subject to reasonable conditions as determined by an IJ.

5. If Alonzo Cortes is not afforded a bond hearing before an IJ in compliance with this Order, Respondents shall RELEASE Alonzo Cortes from custody. If released, Alonzo Cortes may be subject to reasonable conditions, including a requirement that he appear at a bond hearing at an Immigration Court in Maryland.

IT IS FURTHER ORDERED that Alonzo Cortes's Petition (ECF No. 1) is DENIED as to any further relief he seeks at this time, including his request for attorney's fees and costs;

IT IS FURTHER ORDERED that the Parties shall FILE a Joint Status Report within twenty (20) days of the date of this Order;

IT IS FURTHER ORDERED that the Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order; and

IT IS FURTHER ORDERED that the Clerk shall PROVIDE a copy of this order to all counsel of record.

                /s/
George L. Russell, III
Chief United States District Judge